HEIRS OF M. RIVERA ET AL., Plaintiffs and Appellants, *v.* G. GODREAU & Co., Defendant and Appellee.

No. 8160. Argued April 2, 1941.—Decided January 30, 1942.

*José C. Aponte* for appellants. *Leopoldo Tormes Garcia* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

In a second amended complaint filed on June 12, 1937, the plaintiffs and appellants alleged that the defendant G. Godreau & Co., an agricultural civil partnership organized under the laws of Puerto Rico, had recorded in its name in the registry of property and was in possession of a property of 405.03 acres (*cuerdas*) known as "Hacienda Providencia," located in the ward (*barrio*) of Guanabanal, Santa

Isabel, which was formed by consolidating several parcels; that the plaintiff thought that there was enclosed within the boundaries of said property a 19-acre parcel of land "which was bounded on the north, south, and west by land of Miguel Godreau and on the east by the vicinal road leading to the ward of Guanabanal"; that said parcel belonged to Julio Godreau and was consolidated with the "Hacienda Providencia," owned by the defendant partnership of which Julio Godreau is a partner; that the parcel in question formed part of a 50-acre property "that was bounded on the north by land of Miguel Godreau, on the south by land of Luis Felipeti, on the east by land of José A. de Torres, and on the west by land of Teresa Costa Bello"; that after the 19 acres had been segregated and sold to Godreau, the remaining 31 acres were unlawfully incorporated in the "Hacienda Providencia," the defendant taking possession thereof. It was further alleged that the 50-acre tract had belonged in indivision to Micaela Rivera and Luis Delfi and is at present owned by the plaintiffs as the sole and universal heirs of the former.

It was further alleged by the plantiffs that, in order to place themselves in a position to bring an action of revendication, they asked permission from the defendants to make a survey of the 31-acre parcel, which the defendants refused. Plaintiffs prayed for a judgment authorizing them to enter the land of "Hacienda Providencia" in order to survey the 31-acre parcel claimed, with costs, disbursements, and attorney's fees.

G. Godreau & Co. filed an answer denying for lack of information and belief that the plaintiffs were the lawful heirs of Micaela Rivera and Luis Delfi. It specifically denied that the "Hacienda Providencia," described in the complaint, was recorded in its name or was in its possession, and on the contrary alleged that said property was recorded in the name of Godreau & Co., *S. en C.,* an agricultural civil part-

nership; that the said property had never belonged to G. Godreau & Co.; and that Julio Godreau has never been a partner of G. Godreau & Co.

As special defenses, the defendant set up that the facts alleged in the complaint were insufficient to constitute a cause of action; that the plaintiffs were not the lawful heirs of Micaela Rivera, and that any existing judgment declaring them to be such heirs had been obtained through fraud, was void, and could not prejudice third persons; that when Luis Delfi died, he owned no interest in the 50-acre tract referred to in the complaint, and hence his alleged heirs could have no interest in this action; and, lastly, that as the tract had been recorded for over 10 years in the name of Godreau & Co., S. en C., no claim could prosper as against such title recorded in the registry of property in favor of a third person by persons who lacked a recorded title.

After a trial held on June 1, 1939, the District Court of Guayama gave judgment for the defendants, with costs against the plaintiffs, but without including attorney's fees.

The present appeal, taken by the plaintiffs, is based on the following assignments:

"*First error.*—The District Court of Guayama erred in holding that the plaintiffs had failed to prove: the personality of defendant G. Godreau & Co.; that said defendant had recorded in its name, and was in possession of the 'Hacienda Providencia'; that G. Godreau & Co. owned said Hacienda, or that Julio Godreau had been a member of said partnerships, or that the 11.5-acre parcel of Luis Delfi or the 7-acre parcel of Micaela Rivera had been incorporated into the 'Hacienda Providencia,' the boundaries of such parcels having disappeared and the defendant having taken possession thereof.

"*Second error.*—The District Court of Guayama erred in dismissing the complaint on the ground that there was no evidence connecting the agricultural civil partnership Godreau & Co., S. en C., with the agricultural civil partnership G. Godreau & Co.

"*Third error.*—That the judgment rendered in this case is contrary to the facts, the evidence, and the law."

We will consider the above assignments together.

 The trial court in its statement of the case and opinion said:

"5. The plaintiffs failed to prove: the personality of the defendant G. Godreau & Co.; that said defendant had recorded in its name, and was in possession of the Hacienda Providencia; that G. Godreau & Co. owned said Hacienda; that Julio Godreau had been a member of said partnership; that the 11.5-acre parcel of Luis Delfi or the 7-acre parcel of Micaela Rivera had been incorporated into the Hacienda Providencia, the boundaries of such parcels having disappeared and the defendant having taken possession thereof; that the defendant was in the possession and enjoyment of said parcels of land at the time of the filing of this complaint, or is at present in possession thereof; or that the 50-acre tract referred to in the 5th paragraph of the amended complaint was owned in fee by Micaela Rivera.

"It was proved by the defendant before this court that Julio Godreau was not a member of the partnership G. Godreau & Co.; that the Hacienda Providencia is owned by an agricultural civil partnership called Godreau & Co., S. en C., which bought it from Julio Godreau & Co. on May 10, 1921, the same having been recorded in its name in the registry of property ever since 1922; and that the heirs of Micaela Rivera brought in this court, on March 12, 1928, an action against G. Godreau & Co. to recover the above-mentioned parcel of 7 acres.

"We have failed to find any evidence connecting the agricultural civil partnership Godreau & Co., S. en C., with the agricultural civil partnership G. Godreau & Co. They might be one and the same entity or the former might be the successor in interest of the latter; but those particulars have not been shown.

"For all the reasons stated, and as some of the essential facts of the second amended complaint have not been proved, the court is of the opinion that judgment must be and is hereby rendered; dismissing the complaint and adjudging the plaintiffs to pay to the defendants the costs and expenses of this action, without including attorney's fees."

The plaintiffs have tried to supply the deficiency in their evidence by urging in their brief that in the answer to the original complaint, filed on January 5, 1924, the defendant G. Godreau & Co. admitted that it was an agricultural partner-

ship and the owner of Hacienda Providencia, and "that on that basis the present suit has been prosecuted." The contention of the plaintiffs-appellants is untenable. The original complaint and the answer were substituted, respectively, by the amended complaint filed on March 29, 1936, and by the answer thereto filed on August 7, 1936; and said amended complaint and answer were in turn substituted by the second amended complaint, filed on June 12, 1937, and by the answer filed on July 14, 1937, it being on these last two pleadings that the issue between the parties was joined and upon which the judgment appealed from was rendered. All the pleadings which preceded the last two were on this day ordered to be stricken out from the judgment roll.

The plaintiffs in the second and last amended complaint alleged that the agricultural civil partnership G. Godreau & Co. "has recorded in its name, and is in possession of, Hacienda Providencia." The defendant G. Godreau & Co., in its answer filed on July 14, 1937, or more than 13 years after the filing of the original answer, specifically denied that it actually owned the "Providencia" estate or that it was in possession of said estate or that it had recorded the same in its name, and on the contrary alleged that the owner in possession of said estate, with title recorded in its name, was the partnership Godreau & Co., *S. en C.*

If the plaintiffs desired to prove that defendant G. Godreau & Co. had ever admitted that the property was recorded in its name, the way to do so was by introducing in evidence the answer containing such admission. It does not appear from the record that they did this. In any case, even if we were to concede as a proven fact that G. Godreau & Co. had admitted in 1924 that the property was at that time recorded in its name, such admission can not be construed in the sense that said defendant admitted that same fact in 1937, especially if we bear in mind that the allegation that the property was recorded in its name was specifically denied in the last answer filed 13 years afterwards.

834

As the plaintiffs have failed to prove that the defendant G. Godreau & Co. was in possession of the property sought to be surveyed, or that the partnerships G. Godreau & Co. and Godreau & Co., *S. en C.*, are one and the same artificial person, and it appearing from the evidence heard that the property in question is recorded in the name of Godreau & Co., *S. en C.*, which is not the defendant herein, we are of opinion that the conclusions reached by the trial court are supported by the evidence and that the errors assigned are nonexistent. See section 286 of the Code of Civil Procedure.

The judgment appealed from must be affirmed.

Mr. Justice Snyder took no part in the decision of this case.